## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

DENISE WILSON
ADC #704858                                                    PETITIONER


VS.                              5:12CV00124 JLH/JTR


RAY HOBBS, Director
Arkansas Department of Correction                              RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge J. Leon Holmes.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I.  Introduction

Petitioner, Denise Wilson, who is currently confined in the McPherson Unit of the Arkansas Department of Correction, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket entry #1). This is the third Petition she

has filed collaterally attacking her 2005 capital murder conviction in Pulaski County Circuit Court.

Her first habeas action concluded on November 18, 2009, when the Court entered a Memorandum Order and Judgment dismissing her Petition as untimely. *Wilson v. Norris*, E.D. Ark. No. 5:07CV00258 JTR at docket entries #30 and #31. Petitioner did not appeal the denial of habeas relief to the Eighth Circuit Court of Appeals.

On March 1, 2012, Petitioner filed a second habeas action, which United States District Judge J. Leon Holmes dismissed as an unauthorized successive Petition. *Wilson v. Hobbs*, E.D. Ark. No. 5:12CV00087 JLH at docket entries #11 and #12.

Petitioner filed the current habeas action on April 6, 2012. For the reasons set forth below, the Court recommends that the habeas Petition be dismissed, without prejudice.

## II.  Discussion

A claim presented in a second or successive § 2254 habeas petition must be dismissed unless the Petitioner can make a prima facie showing that he has satisfied the requirements of 28 U.S.C. § 2244(b)(2). However, that determination is to be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by

this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, in order to file a successive habeas action in this Court, Petitioner must first obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Pennington v. Norris*, 275 F.3d 857, 858 (8th Cir.2001) (explaining that a habeas petitioner must obtain authorization from the Eighth Circuit before he can raise a successive challenge to a state conviction).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254 (docket entry #1), be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition.

DATED this 20th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE